| | |
|---|---|
| TERRANCE LAMOUNT JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| G.J. BRANKER; NORTH CAROLINA ) | |
| DEPARTMENT OF CORRECTION; ) | |
| NORTH CAROLINA COURT OF ) | |
| APPEALS; ROY COOPER; BEVERLY ) | |
| PERDUE; FORREST D. BRIDGES, ) | |
| ) | |
| Defendant. ) | |

Plaintiff seeks leave to proceed with this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. The matter comes before the court for review pursuant to 28 U.S.C. § 1915. The Prisoner Litigation Reform Act ("PLRA") allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three strikes" provision of the PLRA. See Altizer v. Deeds, 191 F.3d 540, 544-45 (4th Cir. 1999).

At least three previous cases filed by plaintiff have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. These cases include: James v. Hubers, 5:04-CT-599-BO (E.D.N.C., dismissed Oct. 25, 2004); James v. Ray, 1:05-CV-225-02-MU (W.D.N.C.,

dismissed, June 13, 2005); James v. Johnson, 1:05-CV-15-02-MU (W.D.N.C., dismissed, Jan. 31, 2005). Additionally, this district previously has dismissed an action filed by plaintiff pursuant to the three strikes provision. See James v. Lightsey, No. 5:05-CT-490-D (E.D.N.C., dismissed, Aug. 19, 2006). Further, after a full review of the complaint and proposed amended complaint, the court finds that plaintiff is not under imminent danger of serious physical injury. Accordingly, he may not proceed as a pauper in this action. See Harley v. United States, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004). Thus, plaintiff' action is barred pursuant to 28 U.S.C. § 1915(g) and is hereby DISMISSED without prejudice. Additionally, plaintiff's motion to amend (DE # 6), motion for mandatory injunction (DE # 8), and motions for default judgment (DE #s 11, 12, and 14)[1] are DENIED as moot. The court vacates its May 11, 2011, order directing monthly payments be made from plaintiff's prison account.

SO ORDERED, this the 17th day of November, 2011.

LOUISE W. FLANAGAN
United States District Judge

---

[1] The court notes that defendants have not yet been served and are not in default.